1  **McDERMOTT WILL & EMERY LLP**
2  ELIZABETH MANN (State Bar No. 106524)
   emann@mwe.com
3  GREGORY R. JONES (State Bar No. 229858)
   gjones@mwe.com
4  2049 Century Park East, 38th Floor
   Los Angeles, CA 90067
5  Telephone:  310.277.4110
   Facsimile:   310.277.4730

6  Attorneys for Defendants
   BILLING SERVICES GROUP NORTH AMERICA,
7  INC. and ENHANCED SERVICES BILLING, INC.

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10              LOS ANGELES DIVISION

11

12  ELIZABETH TALAMANTES,              **CV09-01958 SJO (AGRx)**
    individually and on behalf of a class of   CASE NO.
13  similarly situated individuals,
                                       **NOTICE OF REMOVAL OF**
14              Plaintiff,             **ACTION UNDER 28 U.S.C. §§ 1441**
                                       **& 1453**
15         v.
                                       **[CLASS ACTION]**
16  MYIPRODUCTS IMAIL, LLC, an
    Indiana limited liability company,   [Los Angeles County Superior Court
17  BILLING SERVICES GROUP             Case No. BC407826]
    NORTH AMERICA, INC., a Delaware
18  corporation, ENHANCED SERVICES
    BILLING, INC., a Delaware
19  corporation,

20              Defendants.

21

22

23

24

25

26

27

28

LAS99 1724733-1.072972.0020

NOTICE OF REMOVAL OF ACTION

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332[1], 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005, defendants Billing Services Group North America, Inc. ("BSG") and Enhanced Services Billing, Inc. ("ESBI") (collectively "Defendants") hereby remove the above-captioned action entitled Elizabeth Talamantes, individually and on behalf of a class of similarly situated individuals v. MyIProducts iMail, LLC, et al., Case No. BC407826, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. As grounds for removal to this Court, Defendants state as follows:

**FACTUAL BACKGROUND**

1.     On February 17, 2009, Elizabeth Talamantes ("Plaintiff") commenced this action in the Superior Court of the State of California for the County of Los Angeles, Case No. BC407826.

2.     Plaintiff served ESBI and BSG with a copy of a Summons and Complaint on February 20, 2009.  True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on ESBI and BSG in this action are attached as Exhibit A.  See 28 U.S.C. § 1446(a).

3.     Upon information and belief, Plaintiff is a citizen of the State of California.  (See Ex. A, Compl. ¶¶ 1, 7).

4.     BSG is a corporation organized and existing under the laws of the State of Delaware with its headquarters in Texas.  (See Ex. A, Compl. ¶ 3).  Accordingly, BSG is a citizen of both Delaware and Texas for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  See 28 U.S.C. § 1332(c)(1).

---

[1] In addition to jurisdiction under the Class Action Fairness Act, classic diversity jurisdiction also exists in this case, because, as fully described herein, the amount in controversy obviously exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States.  See 28 U.S.C. §§1332(a)(1).

LAS99 1724733-1.072972.0020

- 1 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    5.    ESBI is a corporation organized and existing under the laws of the

2    State of Delaware with its headquarters in Texas.  (*See* Ex. A, Compl. ¶ 4).

3    Accordingly, ESBI is a citizen of both Delaware and Texas for purposes of 28

4    U.S.C. § 1332 and 28 U.S.C. § 1441.  *See* 28 U.S.C. § 1332(c)(1).

5    6.    Defendant MyIProducts iMail, LLC ("MyIProducts") is a limited

6    liability company organized under the laws of the State of Indiana with its

7    headquarters in Minnesota.  (*See* Ex. A, Compl. ¶ 2).  Accordingly, MyIProducts is

8    a citizen of both Indiana and Minnesota for purposes of 28 U.S.C. § 1332 and 28

9    U.S.C. § 1453.  *See* 28 U.S.C. § 1332(d)(10).

10   **PLAINTIFF'S CLASS ALLEGATIONS**

11   7.    Plaintiff claims all named defendants participate in the "practice of

12   charging telephone subscribers for unauthorized products and services."  (*See* Ex.

13   A, Compl. p. 1).  She brings this action against service provider MyIProducts,

14   against local exchange carrier ("LEC") clearinghouse ESBI which forwards charges

15   for services to California LECs to be included by the LECs on consumers' local

16   telephone bills, and against ESBI's alleged corporate parent, BSG.

17   8.    Plaintiff seeks to pursue this action on behalf of three classes:

18   a.    The MyIProducts Class:  all telephone subscribers in California

19   who suffered losses or damages as a result of MyIProducts billing for

20   premium content products and services not authorized by the

21   subscriber; provided, however, that the following are excluded from

22   this proposed class: (i) the Defendant, and (ii) any employee of the

23   Defendant.

24   b.    The BSG Class:  all telephone subscribers in California who

25   suffered losses or damages as a result of BSG billing for MyIProducts

26   premium content products and services not authorized by the

27   subscriber; provided, however, that the following are excluded from

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

LAS99 1724733-1 072972 0020                          - 2 -

NOTICE OF REMOVAL OF ACTION

1  this proposed class: (i) the Defendant, and (ii) any employee of the

2  Defendant.

3       c.     The ESBI Class:  all telephone subscribers in California who

4  suffered losses or damages as a result of ESBI billing for MyIProducts

5  premium content products and services not authorized by the

6  subscriber; provided, however, that the following are excluded from

7  this proposed class: (i) the Defendant, and (ii) any employee of the

8  Defendant.

9  (*See* Ex. A, Compl. ¶ 27).

# FEDERAL JURISDICTION UNDER
## THE CLASS ACTION FAIRNESS ACT

12      9.    **Application of CAFA.**  This Court has jurisdiction of this action

13  pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-2,

14  codified at 28 U.S.C. § 1332(d).

15      10.    CAFA creates federal jurisdiction over lawsuits in which "the matter

16  in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

17  costs, ... is a class action in which ... any member of a class of plaintiffs is a citizen

18  of a State different from any defendant" and involves a putative class that consists

19  of more than 100 members.  28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).

20      11.    Each of these three requirements is met.

21      12.    **Requirement No. 1:  The Plaintiff is a Citizen of a State Different**

22  **From Defendants.**  Upon information and belief, Plaintiff is a citizen of California.

23  (*See* Ex. A, Compl. ¶¶ 1, 7).

24      13.    BSG is citizen of Delaware and Texas for purposes of CAFA.  (*See*

25  Ex. A, Compl. ¶ 3); *see* 28 U.S.C. § 1332(c)(1).

26      14.    ESBI is citizen of Delaware and Texas for purposes of CAFA.  (*See*

27  Ex. A, Compl. ¶ 4); *see* 28 U.S.C. § 1332(c)(1).

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION

15.   MyIProducts is citizen of Indiana and Minnesota for purposes of CAFA. (*See* Ex. A, Compl. ¶ 2); *see* 28 U.S.C. § 1332(d)(10).

16.   Because the three named defendants are citizens of Delaware, Texas, Indiana and Minnesota, and there is no single state in which all named defendants are citizens, Plaintiff is necessarily a citizen of a different state than at least one of the named defendants.

17.   Accordingly, this action is a class action where "any member of a class of plaintiffs is a citizen of a State different from <u>any</u> defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

18.   Minimum diversity, therefore, is satisfied.

19.   **Requirement No. 2:  The Class Consists of Well Over 100 Class Members.**  Plaintiff alleges the proposed classes consist of "thousands of individuals and other entities." (Ex. A, Compl. ¶ 28).

20.   Therefore, the requirement that the putative class consist of more than 100 members is satisfied.

21.   **Requirement No. 3:  The Amount in Controversy Exceeds $5,000,000.**  Defendants dispute Plaintiff's claims and will likely object to any motion seeking class certification.  However, Plaintiff's allegations in the Complaint demonstrate that the Complaint seeks in excess of $5,000,000, exclusive of interest and costs, and therefore satisfies the amount in controversy requirement.

22.   As set forth above, Plaintiff seeks to pursue this action on behalf of classes of all telephone subscribers in California damaged either by MyIProducts billing for premium content products and services not authorized by the subscriber or by BSG or ESBI billing for MyIProducts premium content products and services not authorized by the subscriber. (Ex. A, Compl. ¶ 27).  These putative class members allegedly number in the thousands. (Ex. A, Compl. ¶ 28).

23.   Plaintiff affirmatively filed this case as an unlimited civil case and represented that her individual damages exceed $25,000. (Ex. A, Civil Case Cover

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Sheet); *see Abrego et al. v. The Dow Chemical Co. et al.*, 443 F.3d 676, 688 (9th

2  Cir. 2006) (because the complaint sought no specific amount in damages and was

3  pled as an "unlimited civil case," the court determined the amount in controversy

4  exceeded $25,000 per plaintiff); *see* Cal. Code Civ. Proc. § 422.3(b) (stating that a

5  case filed as a limited civil case must state as such in the case caption).

6      24.    Plaintiff has alleged claims under Section 17200 of the California

7  Business and Professions Code for alleged unfair competition, under Section 2890

8  of the California Public Utilities Code for actual and exemplary damages related to

9  cramming allegations, and under common law for unjust enrichment and tortious

10  interference with contract. (*See* Ex. A, Compl., *passim*).

11      25.    On these claims, Plaintiff seeks the following forms of relief for

12  herself and the putative class:

13          a.    restitution under the California Business &

14              Professions Code;

15          b.    actual and exemplary damages pursuant to the

16              California Public Utilities Code;

17          c.    economic, monetary, actual, consequential, and

18              compensatory damages;

19          d.    exemplary damages;

20          e.    attorneys' fees and costs;

21          f.    pre- and post-judgment interest; and

22          g.    injunctive and declaratory relief.

23  (*See* Ex. A, Compl., *passim*).

24      26.    Plaintiff's allegations concerning the thousands of people she will

25  claim are allegedly in the putative class; the at least $25,001 Plaintiff claims she

26  and those putative class members are due; the numerous forms of relief that

27  Plaintiff seeks on behalf of that putative class; and the other information set forth

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1  above, clearly demonstrate that the amount of damages Plaintiff seeks for the class

2  exceeds $5,000,000.

3       27.    The amount in controversy requirement, therefore, is satisfied.

4  **PROCEDURAL MATTERS**

5       28.    **Removal is Timely.**  This Notice of Removal is timely because it is

6  being filed within 30 days after Defendants received, through service or otherwise,

7  a copy of Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b).

8       29.    **Consent to Removal.**  The Class Action Fairness Act of 2005 does not

9  require all defendants to consent to removal.  *See* 28 U.S.C. § 1453(b); *United*

10  *Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l*

11  *Union, et al. v. Shell Oil Co. et al.*, 549 F.3d 1204 (9th Cir. 2008).

12       30.    **Removal to Proper Court.**  This Court is the appropriate court to

13  which the action must be removed because it is part of the "district and division

14  embracing the place where" Plaintiff filed this action in Los Angeles, California.

15  *See* 28 U.S.C. § 1446(a).

16       31.    **Filing and Service.**  Written notice of the filing of this Notice of

17  Removal will be given to Plaintiff promptly after the filing of the Notice of

18  Removal as required by 28 U.S.C. § 1446(d).  In addition, as required by 28 U.S.C.

19  § 1446(d), a copy of this Notice of Removal will be filed promptly in the State

20  Court Action with the Clerk of the Superior Court, County of Los Angeles, after the

21  filing of the Notice of Removal.

22       **WHEREFORE,** Defendants Billing Services Group North America, Inc.

23  and Enhanced Services Billing, Inc. respectfully remove this action from the

24  Superior Court of the State of California for the County of Los Angeles to the

25  United States District Court for the Central District of California, Los Angeles

26  Division.

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1   Dated: March 23, 2009

2

3

4

5

6

7

McDERMOTT WILL & EMERY LLP
ELIZABETH MANN
GREGORY R. JONES

By:
  Gregory R. Jones
  Attorney for Defendants
  BILLING SERVICES GROUP
  NORTH AMERICA, INC. and
  ENHANCED SERVICES BILLING,
  INC.

8   *Of Counsel*:

9   Wilber H. Boies
    Geoffrey A. Vance
10  Monica M. Quinn
    McDermott Will & Emery LLP
11  227 West Monroe Street
    Suite 4400
12  Chicago, Illinois 60606
    (312) 372-2000
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/20/2009
CT Log Number 514469396

**TO:** Kelli Cubeta
Billing Concepts, Inc.
7411 John Smith Dr., Suite 200
San Antonio, TX 78229

**RE:** Process Served in Delaware

**FOR:** Enhanced Services Billing, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Talamantes, individually and on behalf of a class of similarly situated individuals, Pltf. vs. Myiproducts Imall, LLC, etc., et al. including Enhanced Services Billing, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons( 2 sets), Complaint, Addendum, Statement, Cover Sheet, Notice, Instructions, Attachment, Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County Superior Court, CA
Case # BC407826 |
| **NATURE OF ACTION:** | Class Action - Charging telephone subscribers for unauthorized products and services |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/20/2009 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after summons and legal papers are served |
| **ATTORNEY(S) / SENDER(S):** | Alan Himmelfarb
Kamberedelson LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
323-585-8696 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791212102487 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street
Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
02/20/2009
CT Log Number 514469462

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

| | |
|---|---|
| **TO:** | Kelli Cubeta<br>Billing Concepts, Inc.<br>7411 John Smith Dr., Suite 200<br>San Antonio, TX 78229 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Billing Services Group North America, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Talamantes, individually and on behalf of a class of similarly situated individuals, Pltf. vs. Myiproducts Imall, LLC, etc., et al. including Billing Services Group North America, Inc., etc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons( 2 sets), Complaint, Addendum, Statement, Cover Sheet, Notice, Instructions, Attachment, Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County Superior Court, CA<br>Case # BC407826 |
| **NATURE OF ACTION:** | Class Action - Charging telephone subscribers for unauthorized products and services |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/20/2009 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after summons and legal papers are served |
| **ATTORNEY(S) / SENDER(S):** | Alan Himmelfarb<br>Kamberedelson LLC<br>2757 Leonis Blvd.<br>Los Angeles, CA 90058<br>323-585-8696 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791212102487 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Page 1 of  1 / JH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MyIProducts iMail, LLC, An Indiana Limited Liability Company, Billing
Services Group North America, Inc., A Delaware Corporation, Enhanced
Services Billing, Inc., A Delaware Corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH TALAMANTES, individually and on behalf of a class of
similarly situated individuals,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 17 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court Central Division<br>111 N. Hill Street<br>Los Angeles CA 90012 | CASE NUMBER:<br>*(Número del Caso):* BC407826 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Himmelfarb, KAMBEREDELSON LLC,
2757 Leonis Blvd., Los Angeles, CA 90058, (323) 585-8696

| DATE: FEB 17 2009<br>*(Fecha)* | JOHN A. CLARKE, CLERK<br>*(Secretario)* , by | M. GARCIA | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Enhanced Services Billing, INC

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2/20/0?

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Alan Himmelfarb (SBN 90480)
   KAMBEREDELSON, LLC
2  2757 Leonis Boulevard
   Vernon, California 90058
3  Telephone: (323) 585-8696
   Attorneys for Plaintiff
4

5  ATTORNEYS FOR PLAINTIFF

6

7

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 17 2009

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES
                                                 BC407826
10

11  ELIZABETH TALAMANTES, individually      ) Case No.
    and on behalf of a class of similarly situated )
12  individuals,                            )
                                            ) CLASS ACTION COMPLAINT
13              Plaintiff,                   ) FOR:
                                            )
14  v.                                      )   (1) Violation of Unfair
                                            )       Competition Law;
15  MYIPRODUCTS IMAIL, LLC, an Indiana      )   (2) Violation Of California
    limited liability company, BILLING      )       Public Utilities § 2890
16  SERVICES GROUP NORTH AMERICA,           )   (3) Unjust Enrichment; and
    INC., a Delaware corporation, ENHANCED  )   (4) Tortious Interference with a
17  SERVICES BILLING, INC., a Delaware      )       Contract
    corporation,                            )
18                                          ) DEMAND FOR JURY TRIAL
                                            )
19              Defendants.                  ) **CLASS ACTION**

20                  CLASS ACTION COMPLAINT

21        Plaintiff Elizabeth Talamantes ("Plaintiff") brings this class action complaint against

22  Defendants MyIProducts Imail, LLC ("MyIProducts"), Billing Services Group North

23  America, Inc. ("BSG") and Enhanced Services Billing, Inc. ("ESBI"), and based upon

24  Defendants' practice of charging telephone subscribers for unauthorized products and
25  services.

                              PARTIES

26        1.      Plaintiff is a resident of Los Angeles, California.
27

Complaint

2.      Defendant MyIProducts iMail, LLC ("MyIProducts") is a provider of products and services known as premium telephonic content, or "premium content," in the United States. MyIProducts iMail, LLC is an Indiana limited liability companies headquartered in Minnesota. MyIProducts does business throughout the nation and this county.

3.      Defendant Billing Services Group North America, Inc. is a billing processor, or "aggregator," for numerous telephonic services provided by third-parties, such as by codefendant MyIProducts. Defendant is the corporate parent, through subsidiary BSG Clearing Solutions North America, LLC, of codefendant Enhanced Services Billing, Inc. It is a Delaware corporation with its headquarters in the Texas. It does business throughout the State of California and this County.

4.      Defendant Enhanced Business Services, Inc. is a billing processor, or "aggregator," for numerous telephonic services provided by third-parties, such as by codefendant MyIProducts and MyIProducts's affiliate Alternate Billing Corporation. It is a Delaware limited liability company with its headquarters in the Texas. It does business throughout the State of California and this County.

## JURISDICTION

5.      This Court has jurisdiction over the causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts.

6.      This Court has jurisdiction over Defendants pursuant to Code of Civil Procedure § 410.10 because the cause of action arose here.

## VENUE

7.      Venue is proper in this Court pursuant to Code of Civil Procedure because Plaintiff resides in this county.

## CONDUCT COMPLAINED OF

Complaint

2

8.      Today's telephones are far more advanced than standard, land-based telephones of the past; instead of mere tools for sending and receiving calls, modern telephones have increasingly been used to transact commerce.  Much like a common credit card, such ability permits telephone subscribers to purchase a vast variety of products or services provided by a rapidly growing industry of third-party vendors such as Defendants. Such services can range from weather and traffic reports, sports scores and stock tips.  These additional products and services are collectively referred to in the telecommunications industry as "premium content."

9.      For landline telephone subscribers, premium content ranges from web hosting products, to diet monitoring services, to email accounts, to office supplies and even MyIProducts's "Email Text to Speech" which, according to a MyIProduct website, purports to offer subscribers "to read your email to you over the telephone." In exchange for this service, subscribers will be billed a monthly service fee of $14.95 that will automatically be included as a separate line-item charge on the subscriber's local telephone bill. "No credit check or long-term contract is required."

10.     Many premium content third-party providers and their agents, such as Defendant MyIProducts, do not distinguish between mobile and landline premium content other than in marketing materials.  These third-party vendors elect instead, for cost efficiency purposes, to consolidate and streamline into a single operation the creation, billing and marketing of such products and services.  Despite the existence of such a centralized operation, Defendants maintain the appearance of disparate and unrelated activities through numerous subsidiaries and other affiliates so as to conceal from both the public and government agencies the breadth of their fraudulent conduct.

11.     Indeed, Defendant MyIProducts is one of a plethora of companies that create, market and/or charge for premium content under the names of small, nominally independent entities such as SafeGuardMyCredit.com, LLC; eProtectID.com, LLC; NeedTheInfo, LLC; PhoneBillIt, Inc. (judicially dissolved in 2005); and MyIProducts iFone, LLC, among many

---

Complaint

3

1  others, all of which are controlled by or affiliated with the same owners and operators as

2  Defendant MyIProducts.

3      12.    While companies such as MyIProducts and its affiliates create and often

4  market premium content themselves, telephone subscribers are not billed directly by these

5  premium content providers. Instead, premium content providers such as MyIProducts (and

6  MyIProducts's affiliate Alternate Billing Corporation) partner with middlemen known as

7  "aggregators," such as Defendants BSG and ESBI. These aggregators provide a conduit

8  between the numerous, diverse and comparatively small premium content providers, such as

9  MyIProducts, and the large telephone carriers, such as Verizon, in order to facilitate the

10  premium content providers' ability to: (i) use a carrier's network to deliver their services to

11  that carrier's subscribers; and/or (ii) use a carrier's billing system to collect payment for their

12  premium content services from that carrier's subscribers. In return, the aggregators and the

13  carriers each keep a percentage of the premium content charges.

    13.    The premium content industry generates vast amounts of revenue for all

14  parties involved: premium content providers such as MyIProducts, aggregators such as BSG

15  and ESBI, and the telephone carriers. Not all of this revenue, however, has been legitimately

16  and lawfully collected. The primary sources of the problem that have plagued the industry

17  for years are the misleading marketing representations made by unscrupulous premium

18  content providers such as MyIProducts and/or their marketing agents, as well as the lack of

19  commercial viability of many of Defendants' "services." Indeed, affiliates such as CPA

20  Market, LLC d/b/a ChooseADegree.com and ChooseADoctor.com, and others, who

21  frequently conceal their true identities as trolls of demographic marketing data, are or have

22  been utilized by Defendant MyIProducts, its affiliates and other premium content providers

23  throughout the industry. Indeed, one such affiliate is currently the subject of an investigation

    by the Attorney General of the State of Florida for deceptively marketing premium content to

    the telephones of the public nationwide.

24      14.    Defendants' methods for determining authorization continue to be highly

25  problematic as they contract on behalf of themselves and affiliated companies with marketers

26  who frequently depend on little more than information readily available through the public

27  domain, such as one's name and telephone number. By comparison, a consumer who uses a

check must sign it to prove he or she authorizes payment. Many merchants also require check-users to show an additional form of identification such as a drivers' license or state-issued ID. An issuing bank then uses that signature to verify whether the consumer actually authorized payment. Similarly, a consumer who uses a credit card must provide, at a minimum, both the credit card number and date of expiration; more often than not a credit card user must also sign a receipt or, if the transaction takes place online, provide his or her three-digit credit card security code, the zip code of the card's billing address and a matching street address. Credit card providers also have additional levels of security in place that analyze a consumer's particular transaction, using the transaction's similarity to that consumer's previous transactions as a way to determine how likely it is a particular transaction may have been the result of fraud or theft.

15.    In stark contrast, a premium content provider can cause any consumer to be billed for premium content services once it has that consumer's telephone number, even if the consumer never agreed to purchase its services or was never informed about the charge for such services. Premium content providers such as Defendant MyIProducts frequently are only required to provide an aggregator such as BSG and ESBI, a telephone number and an amount to charge; the aggregator then simply relays that information to the carrier and requests that a charge be placed on the telephone bill associated with that particular number.

16.    Indeed, when confronted by consumers complaining about unauthorized premium content charges, many premium content providers and aggregators such as Defendants attempt to create the appearance that a charge was authorized by producing a "customer's" personal demographic information, such as a street address or mother's maiden name. Much of that information, however, is acquired by Defendants in bulk from vendors who assemble it from publicly available sources rather than legitimately through the acquiescence of the "customers" themselves. Defendants then use this information to process charges to consumers' telephone.

17.    If consumers protest, content providers and aggregators will occasionally relent and process a refund, employing essentially a "charge first, refund later, if at all" approach to their business. In spite of knowing that large numbers of people are billed for services they neither wanted nor authorized, each of the four parties involved – the marketer,

the premium content provider, the aggregator, and the carrier – maintain this system and are incentivized to do so by their revenue share of each charge.

18.   This problem is exacerbated by the fact that charges for premium content services are often not clearly identified on subscribers' bills, thereby making it impossible for subscribers to identify the origin or nature of the charge, or to distinguish it from the numerous line-item charges and fees that appear on the average consumer's telephone bill. In addition, because charges for premium content services are sometimes just a few dollars, subscribers who use automatic bill-paying services may never even notice such charges.

19.   Defendants could easily stop this system by requiring their industry partners to provide some form of reliable proof that a subscriber did, in fact, purchase such premium content. One way to do this would be by providing each subscriber a unique code to use whenever making premium content purchases, and by requiring all third parties such as MyIProducts to provide that same code to Defendant BSG before processing a billing request. In addition, after levying a charge, Defendants could provide the following information on each subscriber's bill: (1) the party responsible for the premium content service charges; (2) a description of the premium content service; (3) the method in which the consumer allegedly purchased such service (e.g., via the internet, mail, or in-person); (4) the date the consumer allegedly purchased the service; and (5) the methods and contact information necessary to cancel the service.

20.   Despite Defendants' knowledge of their fraudulent conduct and their ability to stop their unauthorized billing practices, they have purposefully maintained this system because it is a source of significant profit. Given the growth of the premium content services industry and the increasing opportunities subscribers have to use their telephones as credit cards, the damage Defendants have caused so far pales in comparison to the damage that will occur if the flaws in this system are not corrected.

21.   Defendants' continued conduct in billing telephone subscribers for premium content, combined with their failure to implement a billing system that would ensure only consumers who did, in fact, authorize charges for such services were billed for them, is a deliberate strategy to unlawfully collect small sums of money from a large number of consumers.

Complaint

6

## THE FACTS RELATING TO NAMED PLAINTIFF

22.     Beginning in or about 2009, Plaintiff's telephone account was charged by Defendants for unwanted premium content services.

23.     At no time did Plaintiff authorize the purchase of these products and services offered by Defendants.

24.     During the relevant time period, Defendants caused Plaintiff to be charged service fees in the amount of several dollars for such premium content charges.

25.     At no time did Plaintiff authorize Defendants or anyone else to bill her for these charges and at no time did Defendants verify Plaintiff's purported authorization of these charges.

26.     Defendants have yet to provide a full refund of the unauthorized charges consisting of the premium content charges, taxes, data charges, back interest, lost time disputing such charges, implement adequate procedures to ensure that such unauthorized charges would not appear in future billing periods and/or given an assurance that such unauthorized charges would not appear in future billing periods.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action pursuant to Code of Civil Procedure § 382 on behalf of herself and three classes, defined as follows:

    A. The MyIProducts Class: all telephone subscribers in California who suffered losses or damages as a result of MyIProducts billing for premium content products and services not authorized by the subscriber; provided, however, that the following are excluded from this proposed Class: (i) the Defendants, and (ii) any employee of any Defendant.

    B. The BSG Class: all telephone subscribers in California who suffered losses or damages as a result of BSG billing for MyIProducts premium content products and services not authorized by the subscriber; provided,

1   however, that the following are excluded from this proposed Class: (i) the
2   Defendants, and (ii) any employee of any Defendant.

3   C.  The ESBI Class: all telephone subscribers in California who suffered
4       losses or damages as a result of ESBI billing for MyIProducts premium
5       content products and services not authorized by the subscriber; provided,
6       however, that the following are excluded from this proposed Class: (i) the
7       Defendants, and (ii) any employee of any Defendant.

8   28.   The Classes consist of thousands of individuals and other entities, making
9   joinder impractical, in satisfaction of Code of Civil Procedure § 382.

10  29.   Plaintiff's claims are typical of the claims of all the other members of the
11  Classes.

12  30.   Plaintiff will fairly and adequately represent and protect the interests of the
13  other members of the Classes.  Plaintiff has retained counsel with substantial experience in
14  prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to
15  vigorously prosecuting this action on behalf of the members of the Classes, and have the
16  financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to
17  those of the other members of the Classes.

18  31.   Absent a class action, most members of the Classes would find the cost of
19  litigating their claims to be prohibitive, and will have no effective remedy.  The class
20  treatment of common questions of law and fact is also superior to multiple individual actions
21  or piecemeal litigation in that it conserves the resources of the courts and the litigants, and
22  promotes consistency and efficiency of adjudication.

23  32.   Defendants have acted and failed to act on grounds generally applicable to
24  Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform
25  relief to ensure compatible standards of conduct toward the members of the Classes.

26

27

28

Complaint

8

33.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same.  Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

34.     There are many questions of law and fact common to Plaintiff's claims and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

35.     Common questions for the BSG and ESBI Classes include, but are not limited to the following:

(a)     Whether BSG or ESBI has unjustly received money belonging to Plaintiff and the Class and whether, under principles of equity and good conscience, it should not be permitted to retain it.

(b)     Whether BSG or ESBI has tortiously interfered with contracts between Plaintiff and Class, on the one hand, and her telephone carrier, on the other hand, by causing them to be charged for products and services by their carriers that were unauthorized.

36.     Common questions for the MyIProducts Class include but are not limited to the following:

(a)     Whether MyIProducts has unjustly received money belonging to Plaintiff and the Class and whether, under principles of equity and good conscience, it should not be permitted to retain it.

(b)     Whether MyIProducts tortiously interfered with contracts between Plaintiff and the Class, on the one hand, and their telephone carriers, on the other hand, by causing them to be charged for products and services by their carriers that were unauthorized.

**FIRST CAUSE OF ACTION**
**(Violation of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code § 17200 on behalf of all Classes)**

1       37.    Plaintiff incorporates by reference the foregoing allegations.

2       38.    Defendants' bills to Plaintiff and the other class members falsely state that

3 Plaintiff and the other class members have approved, authorized, and/or consented to charges

4 for premium content services, and are deceptive and unfair.

5       39.    Further, Defendants' bills are unlawful because they violate the Public

6 Utilities Code § 2890.

7       40.    The acts alleged above are unlawful, unfair or fraudulent business acts or

8 practices and constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

9       41.    Plaintiff, on her own behalf and behalf of the other class members, seeks an

10 order enjoining Defendants' unfair competition alleged herein, and restitution of property

11 gained by such unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well

12 as interest and attorneys' fees and costs pursuant to, in part, Cal. Code Civ. Proc. § 1021.5.

13
                              **SECOND CAUSE OF ACTION**

14           **(Unauthorized Telephone Charges In Violation Of**
          **California Public Utilities Code § 2890 on behalf of all Classes)**

15

16       42.    Plaintiff incorporates by reference the foregoing allegations.

17       43.    California Public Utilities Code § 2106 provides aggrieved persons the

18 following private right of action:

19       "Any public utility which does, causes to be done, or permits any act, matter,
         or thing prohibited or declared unlawful, or which omits to do any act, matter,

20         or thing required to be done, either by the Constitution, any law of this State,
         or any order or decision of the commission, shall be liable to the persons or

21         corporations affected thereby for all loss, damages, or injury caused thereby or
         resulting therefrom.  If the court finds that the act or omission was willful, it

22         may, in addition to the actual damages, award exemplary damages.  An action
         to recover for such loss, damage, or injury may be brought in any court of

23         competent jurisdiction by any corporation or person."

24       44.    In an effort to deter the unlawful practice of "cramming," *i.e.*, the placing of

25 unauthorized charges on telephone bills, the California legislature enacted Public Utilities

26 Code § 2890, which provides, in pertinent part, as follows:

27

28

Complaint

10

(a) A telephone bill may only contain charges for products or services, the purchase of which the subscriber has authorized.

(b) When a person or corporation obtains a written order for a product or service, the written order shall be a separate document from any solicitation material. The sole purpose of the document is to explain the nature and extent of the transaction. Written orders and written solicitation materials shall be unambiguous, legible, and in a minimum 10 point type. Written or oral solicitation materials used to obtain an order for a product or service shall be in the same language as the written order. Written orders may not be used as entry forms for sweepstakes, contests, or any other program that offers prizes or gifts.

(d) (1) A billing telephone company shall clearly identify, and use a separate billing section for, each person, corporation, or billing agent that generates a charge on a subscriber's telephone bill. A billing telephone company may not bill for a person, corporation, or billing agent, unless that person, corporation or billing agent complies with paragraph (2).

(2) Any person, corporation, or billing agent that charges subscribers for products or services on a telephone bill shall do all of the following:

(A) Include, or cause to be included, in the telephone bill the amount being charged for each product or service, including any taxes or surcharges, and a clear and concise description of the service, product, or other offering for which a charge has been imposed.

(B) Include, or cause to be included, for each entity that charges for a product or service, information with regard to how to resolve any dispute about that charge, including the name of the party responsible for generating the charge and a toll free telephone number or other no cost means of contacting the entity responsible for resolving disputes regarding the charge and a description of the manner in which a dispute regarding the charge may be addressed. Each telephone bill shall include the appropriate telephone number of the commission that a subscriber may use to register a complaint.

(C) Establish, maintain, and staff a toll free telephone number to respond to questions or disputes

Complaint

11

about its charges and to provide the appropriate addresses to which written questions or complaints may be sent. The person, corporation, or billing agent that generates a charge may also contract with a third-party, including, but not limited to, the billing telephone corporation, to provide that service on behalf of the person, corporation or billing agent.

45.   Defendants violated section 2890 by virtue of their conduct alleged above, including its billing for products or services, the purchase of which Plaintiff never authorized, thereby causing Plaintiff and the members of the Classes and Subclasses to suffer loss, damage, and injury.

46.   Plaintiff is entitled to actual damages pursuant to Public Utilities Code section 2106. Plaintiff and the Classes are further entitled to exemplary damages to the extent the evidence shows that Defendants' violations were willful.

### THIRD CAUSE OF ACTION
#### (Restitution/Unjust Enrichment on behalf of all Classes)

44.   Plaintiff incorporates by reference the foregoing allegations.

45.   Plaintiff and the respective members of the Classes have conferred a benefit upon Defendants. As a result of their billing and collecting significant sums of money for unauthorized premium content charges, Defendants have received and retain money belonging to Plaintiff and the respective Classes.

46.   Defendants appreciate or have knowledge of said benefit.

47.   Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiffs and the respective Classes, which they have unjustly received as a result of their actions.

48.   Plaintiff and the Classes have suffered loss as a direct result of Defendants' conduct.

### FOURTH CAUSE OF ACTION
#### (Tortious Interference with a Contract on behalf of all Classes)

49.   Plaintiff incorporates by reference the foregoing allegations.

Complaint

12

1   50.   Plaintiff and the members of the respective Classes had contractual

2   relationships with their telephone carriers whereby they agreed to pay a certain sum of

3   money in exchange for activation of their telephone accounts and their carriers' promises to

4   provide various communication and related services and to bill Plaintiff and the respective

5   Classes only for products or services the purchase of which they had authorized.

6   51.   Defendants knew of said contractual relationships and intended to and did

7   induce a breach or disruption of those relationships.

8   52.   Defendants intentionally interfered with said contractual relationships through

9   improper motives and/or means by knowingly and/or recklessly continually causing

10   unauthorized charges to be placed on the telephone bills of telephone owners across the state

11   of California.

12   53.   Plaintiff and the other members of the Classes suffered loss as a direct result

13   of Defendants' conduct.

14   ## PRAYER FOR RELIEF

15   WHEREFORE, Plaintiff Elizabeth Talamantes, on behalf of herself and the Classes,

16   prays for the following relief:

17   a)   Certify this case as a class action on behalf of the Classes defined

18   above, appoint Elizabeth Talamantes Class Representative, and appoint the

19   undersigned as lead counsel;

20   b)   Declare that Defendants' actions, as set out above, violate the

21   California Public Utilities Code § 2890 and the UCL;

22   c)   Declare that Defendants' actions, as set out above, constitute unjust

23   enrichment and tortious interference with a contract;

24   d)   Enter judgment against Defendants for all economic, monetary, actual,

25   consequential, and compensatory damages caused by their conduct, and if

26

27

28

Complaint

13

their conduct is proved willful, award Plaintiff and the Classes exemplary damages;

e)   Award Plaintiff and the Classes reasonable costs and attorneys' fees;

f)   Award Plaintiff and the Classes pre- and post-judgment interest;

g)   Enter judgment for injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

h)   Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 17, 2009

KAMBEREDELSON, LLC

By: _____

Alan Himmelfarb
One of the Attorneys for ELIZABETH
TALAMANTES, individually and on
behalf of all other similarly situated
individuals

KAMBEREDELSON, LLC
350 N. LaSalle Street
Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370

Complaint

14

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Alan Himmelfarb
KamberEdelson, LLC
2757 Leonis Blvd
Vernon, California 90058
TELEPHONE NO: 323-585-8696          FAX NO: 323-585-8198
ATTORNEY FOR (Name): ELIZABETH TALAMANTES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles, Central Division
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3117
BRANCH NAME: Central District

**FILED**
**LOS ANGELES SUPERIOR COURT**

FEB 17 2009

JOHN A CLARKE, CLERK

BY MARY GARCIA, DEPUTY

CASE NAME:
TALAMANTES v. MYIPRODUCTS et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC407826 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [✓] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [✓] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
February 17, 2009

_____          ▶ _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>TALAMANTES v. MYIPRODUCTS et al | CASE NUMBER BC407826 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL    3    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: TALAMANTES v. NYIPRODUCTS et al | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2, 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (rotated labels): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE: TALAMANTES v. MYIPRODUCTS et al | | CASE NUMBER |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus <br> ☐ A6152  Writ - Mandamus on Limited Court Case Matter <br> ☐ A6153  Writ - Other Limited Court Case Review | 2., 8. <br> 2. <br> 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment <br> ☐ A6160  Abstract of Judgment <br> ☐ A6107  Confession of Judgment (non-domestic relations) <br> ☐ A6140  Administrative Agency Award (not unpaid taxes) <br> ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax <br> ☐ A6112  Other Enforcement of Judgment Case | 2., 9. <br> 2., 6. <br> 2., 9. <br> 2., 8. <br> 2., 8. <br> 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only <br> ☐ A6040  Injunctive Relief Only (not domestic/harassment) <br> ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) <br> ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. <br> 2., 8. <br> 1., 2., 8. <br> 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment <br> ☐ A6123  Workplace Harassment <br> ☐ A6124  Elder/Dependent Adult Abuse Case <br> ☐ A6190  Election Contest <br> ☐ A6110  Petition for Change of Name <br> ☐ A6170  Petition for Relief from Late Claim Law <br> ☐ A6100  Other Civil Petition | 2., 3., 9. <br> 2., 3., 9. <br> 2., 3., 9. <br> 2. <br> 2., 7. <br> 2., 3., 4., 8. <br> 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>TALAMANTES V. WYIPRODUCTS et al | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | | ADDRESS:<br>1433 Edgecliffe Drive |
|---|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☑9. ☐10. | | |
| CITY:<br>Lo Angeles | STATE:<br>CA | ZIP CODE:<br>90026 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>February 17, 2009</u>

<u>(SIGNATURE OF ATTORNEY/FILING PARTY)</u>

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC407826

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Linda A. Lewis | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Jeanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/09)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.



*from the*
## Los Angeles Superior Court
### ADR Department

If you have an unlimited civil case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

### *Your case may be eligible for the court's Neutral Evaluation (NE) program.*

- **NE can reduce litigation time and costs and promote settlement.**
- NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.
- **NE is voluntary and confidential.**
- The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.
- **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

REV. 08/27/07

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

**The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).**

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 1958 SJO (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

.

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ELIZABETH TALAMANTES, individually and on behalf of a class of similarly situated individuals | BILLING SERVICES GROUP NORTH AMERICA, INC. and ENHANCED SERVICES BILLING, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Alan Himmelfarb, KamberEdelson, LLC<br>2757 Leonis Blvd, Vernon, California 90058<br>Ph: 323-585-8696 | Elizabeth Mann (State Bar No. 106524); Gregory Jones (State Bar No. 229858)<br>McDermott Will & Emery LLP<br>2049 Century Park East, 38th Floor, Los Angeles, California 90067<br>Ph: 310-277-4110 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☑ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No     ☑ MONEY DEMANDED IN COMPLAINT: $ amount not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1332(d) - California state law and common law claims for damages and other relief removed under the Class Action Fairness Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 446 American with Disabilities - Other | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____ CV09-01958

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑Yes
If yes, list case number(s):  CV 09-00218 PA (Ex)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☑A. Arise from the same or closely related transactions, happenings, or events; or
                                               ☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MyIProducts iMail, LLC (Indiana and Minnesota); Billing Services Group North America, LLC (Delaware and Texas) Enhanced Services Billing, Inc. (Delaware and Texas) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**  _____   Date March 23, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |